OPINION
Appellants, Jelenic Construction, Michael Jelenic, and Kathy Jelenic, appeal from the judgment of the Mentor Municipal Court entered following a small claims hearing to the bench. Appellants solely appeal from the award of prejudgment interest.
Appellees, Virgil and Mercedes Brittain, filed a complaint against appellants, on March 14, 2001, for breach of the express warranty of all materials, workmanship, and labor covering the home that they purchased from appellant, in June 1995. The complaint stated that appellants had failed to satisfactorily fix the leak in the basement of appellees' home. Appellees claimed damages in the amount of $3,000, plus all court costs, with an interest rate of ten percent from the date of filing, February 12, 2001.
A small claims hearing on the matter was held, on March 28, 2001. Despite being summoned to appear in court to answer the complaint, appellants were not present at the hearing. On March 29, 2001, the court entered a default judgment in favor of appellees and awarded $3,000 in damages, plus prejudgment interest from January 1996.
Appellants moved for findings of fact and conclusions of law. On May 30, 2001, the court filed its findings of fact and conclusions of law and another judgment entry awarding appellants $3,000 in damages, plus prejudgment interest from January 1996.
From this judgment, appellant assigns the following as error:
 "[1.] The trial court committed error when it granted the plaintiff a judgment including an order for prejudgment interest without finding that the defendant had acted in bad faith in attempting to resolve the dispute."
In its sole assignment of error, appellants argue that appellees were made whole by the amount of damages awarded and, therefore, the grant of prejudgment interest did nothing more than punish appellants. Appellants also contend that prior to awarding prejudgment interest, a court must make a finding of bad faith. They further contend that, if this court affirms the trial court's decision, prejudgment interest should begin in February 2000, when appellants failed to comply with the terms of their contract.
The award of prejudgment interest with respect to claims arising out of breach of contract is governed by R.C. 1343.03(A). Galmish v. Cicchini,90 Ohio St.3d 22, 33, 2000-Ohio-7. "Under R.C. 1343.03(A), a trial court does not have discretion in awarding prejudgment interest." Slack v.Cropper, 143 Ohio App.3d 74, 85, 2001-Ohio-8894.
R.C. 1343.03(A) states:
 "(A) * * * [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *."
While the statute does not provide explicitly for prejudgment interest on a civil contract, the Supreme Court of Ohio has held that such a remedy is available under R.C. 1343.03(A). The Court has held that "[i]n determining whether to award prejudgment interest pursuant to * * * [R.C. 1343.03(A)], a court need only ask one question: Has the aggrievedparty been fully compensated?" Royal Elec. Constr. Corp. v. Ohio StateUniv., 73 Ohio St.3d 110, 116, 1995-Ohio-131.
"In order to make the aggrieved party whole, the party is compensated `for the period of time between accrual of the claim and judgment,regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court.'" (Emphasis sic.) Mayer v.Medancic, 11th Dist. Nos. 2000-G-2311, 2000-G-2312, and 2000-G-2313, 2001 Ohio App. LEXIS 5863, at *10, 2001-Ohio-8784, citing Royal Elec. Constr.Corp, supra, at paragraph one of the syllabus.
To properly analyze the trial court's decision to award prejudgment interest from January 1996, instead of a later date, this court must examine the transcript of the evidentiary hearing proceeding. In order to determine when the aggrieved parties', appellees', claim accrued, this court must review the evidence admitted at the hearing.
However, appellants have failed to provide this court with a transcript or other acceptable alternative, as set forth in App.R. 9(C) and (D). Since appellants have failed to present a transcript from the hearing or a suitable alternative with which to demonstrate the alleged error, this court presumes regularity in the trial court's proceedings on the matter. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
"The existence of a good faith effort to settle is not a predicate for an award of prejudgment interest for breach of contract under R.C.1343.03(A) as it is for tort claims under R.C. 1343.03(C)." Suttle v.DeCesare (July 5, 2001), 8th Dist. No. 77753, 2001 Ohio App. LEXIS 3030, at *16.
While we conclude that the trial court was correct in determining that prejudgment interest was proper, it erred in granting more than appellees prayed for in their compliant. Appellees prayed for prejudgment interest from February 2001. The court awarded interest from January 1996.
In the instant case, the trial court properly entered judgment by default because appellants failed to plead or appear in court to defend. Civ.R. 55. "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Civ.R. 54(C); see, also, Raimonde v. Van Vlerah (1975), 42 Ohio St.2d 21, paragraph three of the syllabus. Thus, the trial court erred in granting prejudgment interest in excess of that prayed for in the complaint.
Accordingly, the judgment of the Mentor Municipal Court is modified and prejudgment interest, at the rate of ten percent per year, is awarded from February 12, 2001, as prayed for in the complaint. The judgment of the trial court is hereby affirmed as modified.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.